IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
October 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERCIA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No.: 7:09-cr-00029 |
| ) | |
| v. ) | |
| ) | |
| DEWEY EDWARD NELSON, ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| Defendant. ) | |

**ORDER**

Defendant Dewey Edward Nelson filed a Motion to Dismiss Petition to Revoke Supervised Release With Prejudice. Dkt. 90. Nelson argues that in failing to hold a hearing on the petition to revoke his supervised release within a reasonable time, the government has violated his due process rights under Rule 32.1(b)(2). Because Nelson is currently being held in state custody for pending state charges, I find that Nelson has not shown either unreasonable delay or prejudice. The motion to dismiss is DENIED.

I. **BACKGROUND**

In 2009, Nelson pled guilty in this court to two counts of travel to engage in prohibited sexual conduct with a minor in violation of 18 U.S.C. 2423(b) and two counts of transportation of a minor to engage in prohibited sexual conduct in violation of 18 U.S.C. 2483(a). Dkt. 34. He was sentenced to 156 months in prison followed by a five-year period of supervised release. Dkt. 40. Nelson began his supervised release term on June 16, 2020. On April 16, 2021, the court signed a petition to revoke Nelson's supervised release for failing to register social media

accounts as a sex offender, and possession of sexually oriented material. Dkt. 44. Nelson was arrested on the petition and released on April 23, 2021, subject to a $15,000.00 unsecured bond and additional conditions. Dkt. 54, 55.

On August 20, 2024, an amended petition was filed to revoke Nelson's supervised release alleging that on August 5, 2024, the probation officer seized certain electronic devices which contained images of child pornography. Dkt. 60. The magistrate judge revoked Nelson's bond and ordered him detained. Dkt. 65. A second amended petition was filed on August 27, 2024, based upon the Carroll County Sheriff's Department finding during a search of Nelson's residence several previously undisclosed electronic devices which contained evidence of child pornography. Dkt. 73.

On September 16, 2024, Nelson was transferred to state custody pursuant to an indictment on state criminal charges. *Commonwealth v. Nelson*, No. CR24000569-00 (filed Sept. 16, 2024), https://perma.cc/7AKC-KY4C. Nelson has been held in state custody since that time. *Id*.

The final supervised release revocation hearing in this court originally scheduled for October 3, 2024, was continued to January 24, 2025. Dkt. 84–85. On January 21, 2025, the government moved to continue as to the final hearing. Dkt. 86. Citing Nelson's ongoing state criminal case, the Court granted the motion to continue for at least six months, or while the state criminal charges against Nelson remained pending. Dkt. 88.

Nelson argues without citation to any applicable case law or providing a factual basis showing prejudice to him that the delay in holding a final appearance in this matter has violated his procedural due process rights. Dkt. 90.

## II.     LEGAL STANDARD

Criminal defendants under supervised release do not enjoy the "full panoply" of rights that a criminal defendant may exercise. *United States v. Ward*, 770 F.3d 1090, 1098 (4th Cir. 2014) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Instead, Federal Rule of Criminal Procedure 32.1(b)(2) provides protections for defendants under supervised release by requiring that a revocation hearing be scheduled within a reasonable time. Fed. R. Crim. P. 32.1(b)(2). Rule 32.1 only applies when the defendant is held solely for violating supervised release. *United States v. Loiseau*, 429 F. App'x 210, 211 (4th Cir. 2011) (unpublished per curiam). Because Rule 32.1 exists only to protect against undue federal incarceration and to allow the defendant to defend the violation allegations, state incarceration without a final revocation hearing regarding an assertion of violation of the conditions of supervised release does not violate Rule 32.1. *See United States v. Pardue*, 363 F.3d 695, 698 (8th Cir. 2004). In short, a defendant must show that he is held in federal custody to plausibly allege a violation of Rule 32.1.

Despite being held in state custody to face state charges on multiple counts of possession of child pornography, Nelson argues that the delay from a hearing on his supervised release violation violates his due process rights. No doubt, a defendant facing a revocation of supervised release is entitled to procedural due process. However, delay alone is not sufficient to show a violation of due process. Rather, "a person facing revocation of supervised release may not obtain relief from delay in conducting supervised release revocation proceedings 'unless there was both unreasonable delay and prejudice.'" *United States v. Rollins*, F. App'x 170, 170–71 (4th Cir. 2021) (unpublished per curiam) (citing *United States v. Santana*, 526 F.3d 1257, 1260 (9th Cir. 2008)). A defendant's due process rights are prejudiced when delay impacts the

defendant's ability to contest the revocation. *United States v. Throneburg*, 87 F.3d 851, 853 (6th Cir. 1996). Mere delay, without prejudice, of a supervised release revocation hearing does not establish a due process violation. *Loiseau*, 429 F. App'x at 211.

### III.     DISCUSSION

Rule 32.1 provides a right to a prompt hearing when a defendant under supervised release is incarcerated solely for violation of the conditions of supervised release. *Loiseau*, 429 F. App'x at 211. On August 21, 2024, Nelson was detained at the initial appearance on the amended petition to revoke his supervised release. Dkt. 67. He was arrested on September 16, 2024, on state charges for possession of child pornography and has remained in state custody pending the outcome of the state court proceedings. *Commonwealth v. Nelson*, No. CR24000569-00 (filed Sept. 16, 2024), https://perma.cc/7AKC-KY4C. Therefore, Rule 32.1 does not apply, because Nelson is not in federal custody and is not detained solely for violation of his supervised release.

Even if Rule 32.1 did apply to Nelson's case, a defendant alleging denial of the right to a prompt hearing under Rule 32.1 must show both unreasonable delay and prejudice to allege a due process violation. A defendant can show prejudice only when delay impacts his ability to contest the validity of the revocation. *Throneburg*, 87 F.3d at 853. In *Rollins*, a defendant facing a 12-year delay of his supervised release revocation hearing could not establish prejudice because he was in state custody during that time. 855 F. App'x at 171. A jury verdict convicting the defendant in state court provided a sufficient basis to revoke the supervised release term. *Id*. In *Loiseau,* the Fourth Circuit found that a 19-month delay while the defendant was held on state criminal charges was insufficient to establish prejudice. 429 F. App'x at 211.

Here, Nelson's supervised release revocation hearing was continued pending resolution of the ongoing state case against him. Dkt. 88. As in *Rollins*, a conviction in the state case would

4

serve as a sufficient basis to revoke supervised release. As the state case is ongoing, Nelson has suffered neither prejudice nor undue delay in deferral of the supervised release revocation hearing.

Nelson's motion to dismiss does not address the inapplicability of Rule 32.1 when the defendant is held in state custody. Nelson also provides no case law to support his argument stating only that "[p]rejudice can be presumed for this long delay and without production of any evidence against him by the government here." Dkt. 90. Beyond this bald assertion, Nelson does not address prejudice. Given the available persuasive case law in this and sister circuits and the failure to show both prejudice and undue delay, the motion to dismiss is denied.

## IV.  CONCLUSION

Nelson fails to show undue delay and prejudice as is required for relief under Rule 32.1. Nelson's motion to dismiss is thus **DENIED** without prejudice.

It is SO ORDERED.

Entered:  October 10, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge